```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.                            CRIMINAL ACTION NO. 2:06-00205**

**SUSAN BASS**

## MEMORANDUM OPINION AND ORDER

With respect to the defendant's motion to suppress, the court makes the following findings of fact by a preponderance of the evidence together with the conclusions of law that follows:

Detective Clark Greene of the Metro Drug Unit arranged two controlled and monitored purchases of crack cocaine by a confidential informant from the defendant at defendant's home. The first purchase, being .7 gram, was received in exchange for $100 on February 23, 2006, and field tested positive for cocaine. The second purchase was in an unstated quantity for the sum of $150 on March 1, 2006, and it also field tested as cocaine.

Det. Greene then sought a search warrant from Kanawha County Magistrate Joseph Shelton on March 1, 2006, to search the defendant's residence at 5250 Sandstone Drive, Cross Lanes, West

Virginia.  For this purpose Det. Greene prepared two affidavits which he presented to Magistrate Shelton.  One of those affidavits is labeled "Affidavit for Search Warrant 'Attachment I'".  It set forth probable cause grounds, including the above information respecting the two controlled buys.  The other affidavit was set forth on a pre-printed form in which Det. Greene incorporated Attachment I by both attachment and reference (referring to it as Exhibit I); and in which Det. Green incorporated by attachment a list of physical items that were the subject of the proposed search, being labeled "Attachment II" (referring to it as Exhibit II).

Det. Greene presented all of these papers to Magistrate Shelton, together with a proposed search warrant, and received the search warrant thereupon issued by Magistrate Shelton, together with Attachments I and II.  He then executed the search warrant on March 2, 2006.  Det. Greene had prepared multiple sets of all of these papers.  He left one set with Magistrate Shelton, deposited one set in his own file on this case and served still another set on Susan Bass at her home, which latter set he left on a table in the home.

At some point the part of the set labeled Attachment II became separated from the set left with Magistrate Shelton.

Magistrate Shelton's clerk placed that set in a sealed envelope that was delivered to the Kanawha County Circuit Clerk for filing.  For whatever reason Attachment II is missing from the set so filed.

Magistrate Shelton states that, although he has no independent recollection of this particular instance, his routine practice is to see that the property to be seized is described in any search warrant issued by him and that he would not have issued the search warrant in this case without a description of the property.  Det. Greene insists that he deposited a complete set of the papers in the separate file he maintains for a case such as this and that his file includes Attachment II within the set of papers so filed by him.

Det. Greene served the papers on the defendant as earlier noted.  The defendant says she turned over the papers she received to Tim Carrico, her attorney.  Mr. Carrico in turn received from the defendant only two pages, one being the search warrant and the other being a receipt for the property seized from her home which receipt she acknowledged receiving from Det. Greene while in custody on the evening of March 2, 2006.

The court credits the testimony of both Magistrate Shelton and Detective Greene and finds that the search warrant issued by Magistrate Shelton was properly based on the affidavits wherein probable cause grounds were set forth in Attachment I and a description of the property that was the subject of the search was set forth in Attachment II, all of which was before the magistrate at the time he issued the search warrant.  In turn, the search warrant, with a copy of Attachments I and II, was served on Susan Bass at her home when the search warrant was executed.  The search warrant was issued on an abundance of probable cause and it identified with sufficient particularity the property to be seized.  Insofar as the defendant's motion to suppress seeks to suppress the evidence seized at the time of the execution of the search warrant, it is denied.

Moreover, the court finds that Detective Greene acted in the objective good faith belief that he was clothed with authority, based on probable cause pursuant to the search warrant issued by Magistrate Shelton, to execute the search warrant on the property identified therein as he did on March 2, 2006, at the home of the defendant.

It is ORDERED that this matter be set for hearing on all remaining motions at 9:30 a.m. on December 6, 2006.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

                                            **DATED:** December 4, 2006

                                            John T. Copenhaver, Jr.
                                            United States District Judge